LE BARRON v. TAYLOR ET AL.

1. **Execution:** EVIDENCE OF LEVY: LOST RETURN. The return of an officer upon an execution is the only legal evidence to show upon what property the execution was levied. Where an execution with the return is lost, parol evidence is admissible, but is limited to showing the contents of the lost return.

*Appeal from Page Circuit Court.*

THURSDAY, JUNE 10.

ACTION upon a replevin bond. The plaintiff as constable received two executions, issued upon payments in favor of

Mentzer Bros., against J. K. and Rachel Taylor, rendered by a justice of the peace. Afterward, and before levy, he received as deputy sheriff an execution issued upon a judgment in favor of one Dobson, against J. C. Taylor and Joseph Weir, rendered for $261.00, in the Circuit Court. While he held the three executions he levied upon certain personal property. The defendant Rachel Taylor replevied the property, giving a bond with the defendant Henry Hamilton as surety, which is the bond upon which the action is brought. The defendant appeared in the replevin suit, and set up the two executions in favor of Mentzer Bros., and the levy made thereunder. He did not claim in his answer to have any other interest in the property. After the answer in the replevin suit was filed the judgment defendants paid the two judgments in favor of Mentzer Bros., and the replevin suit was dismissed at the plaintiff's costs. This action is brought against the plaintiff in the replevin suit, and her surety, and to recover the amount of the Dobson execution. The answer denies the levy of the Dobson execution upon the property. Trial without a jury, judgment for plaintiff. Defendant appeals.

*W. P. Ferguson*, for appellant.

*James McCabe* and *C. S. Keenan*, for appellee.

ADAMS, CH. J.—The petition does not distinctly aver the levy of the execution upon the property. It avers the receipt by plaintiff of the three executions, the last, the Dobson execution, being received the 5th day of December, 1876. The petition then contains an averment which is in these words: " On said day he levied upon the following described property: one black horse, one iron gray horse, and one mule, two sets of harness, two Bain wagons, as the property of said defendants, and advertised the same for sale."

He had levied upon and advertised the above described property as constable. Now conceding that he might adopt

Le Barron v. Taylor.

the same seizure as constituting a levy by him thereon as deputy sheriff, still it is not distinctly averred that he did make such levy. The parties, however, proceeded to trial as if there had been a proper averment of such levy, and we proceed to inquire whether there was any evidence of it. The appellant insists that there is not.

Section 3043 of the Code provides that where an execution is levied, " an exact description of the property at length with

1. EXECUTION: evidence of levy: lost return.

the date of the levy shall be indorsed upon, or appended to, the execution." This indorsement, constituting the officer's return, becomes the evidence as to whether any levy has been made, and if so as to what property is covered by it. Herman on Executions, section 236.

Now, there is no direct evidence in this case that any indorsement whatever was made upon the execution in question. The execution was not offered in evidence, and the clerk testifies that the records in his office do not show a return. He also testifies that he has made thorough search in his office, and that the execution is not to be found. The plaintiff testifies that the execution is not among his papers. The fact, then, appears to be that the execution is lost.

The plaintiff testifies that he thinks he returned the execution. Taking this as evidence that he delivered the execution into the hands of some person in charge of the clerk's office, we ought perhaps to presume that it bore when so delivered some kind of an indorsement as for a return. We should have a case then of a lost return. Parol evidence in such case may be introduced as in case of any lost record, which the law has provided as evidence of a fact. But the parol evidence which is admissible must be evidence of the *contents* of the lost return. *Ferguson v. Tutt*, 8 Kansas, 370.

In the absence of all evidence of the contents of the return, we are unable to see how the plaintiff can recover.

REVERSED.